IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE HERMAN JACKSON, SR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1230-H |
| | § | |
| DETECTIVE J.C. JOHNSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Willie Herman Jackson, Sr., a former inmate in the Texas prison system, against more than 100 federal, state, and municipal agencies, elected officials, and employees. On June 16, 2005, plaintiff tendered a 31-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Although the precise nature of his complaint is difficult to decipher, it appears that plaintiff seeks redress in connection with his 1977 arrest and subsequent prosecution on robbery charges in Dallas and Tarrant Counties. Illustrative of the outlandish allegations made throughout his pleading is the claim that agents of the state and federal government kidnapped plaintiff in retaliation for exercising his Miranda rights while in custody. Plaintiff also accuses the FBI of conspiring with state and local police to invade his privacy through highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry. While incarcerated, plaintiff claims that he was sexually assaulted by members of an organization known as "Texas Cointelpro." By this suit, plaintiff seeks a permanent injunction, a declaratory judgment, and more than $600 million in damages.

A.

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which the complaint relies is indisputably meritless." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Johnson v. Drug Enforcement Agency*, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004) (Fish, J.) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (Godbey, J.) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, 2002 WL 31548766 (N.D. Tex. Nov. 2, 2002) (Kaplan, J.) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").[1]

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

[1] The court also notes that most, if not all, of the incidents made the basis of this suit occurred between 1977 and 2000. Consequently, plaintiff's claims are barred by the two-year statute of limitations governing federal civil rights actions. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990).

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE